United States District Court
Southern District of Texas
**ENTERED**
March 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAROL E. BURRELL, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-15-0977 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

Carol E. Burrell filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying her request for social security benefits. Burrell and the Commissioner moved for summary judgment (Dkts. 11, 12, 13). The court recommends that Burrell's motion be granted, the Commissioner's motion be denied, and this case be remanded to the Agency for further proceedings.

### Background

Burrell filed a claim for social security benefits on September 14, 2009 alleging disability as of September 6, 2009. She later amended her onset date to January 1, 2010. Her claim was denied on initial review and reconsideration, and Burrell requested a hearing. A hearing before an Administrative Law Judge was held on

January 7, 2011, after which the ALJ issued a February 14, 2011 unfavorable decision finding Burrell not disabled. Burrell sought review by the Appeals Council.

While review was pending, Burrell filed a subsequent application for benefits. On initial review of the subsequent application, the Agency found her disabled as of February 15, 2011.

The Appeals Council consolidated the two claims, vacated the February 14, 2011 unfavorable decision, and remanded the matter to the ALJ. The Council ruled:

> Because the State Agency opinions in the subsequent claim are contrary to the decision of the Administrative Law Judge and the evidence in the record does not adequately explain how such a different result could be rationalized the day after the hearing decision, the Appeals Council believes that the decision should evaluate all of the evidence for the entire period under consideration.

Dkt. 8-4 at 30.

A second hearing was held July 30, 2013. The ALJ issued a partially favorable decision finding Burrell disabled after July 30, 2013. The Appeals Council denied review of the 2013 ALJ decision and it became the Commissioner's final decision.

## Analysis

### A. Legal Standards

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision

to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

## B.    The ALJ's Decision

The ALJ followed the usual 5-step sequential analysis in reaching his decision.[1]

---

[1] (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

The ALJ found Burrell had the severe impairments of congestive heart failure, diabetic neuropathy, obesity, major depressive disorder, and post-traumatic stress disorder, none of which met or equaled in severity an impairment on the Listing in Appendix 1. He then determined that she had the residual functional capacity to perform light, unskilled work, "limited to occasional climbing of ramps and stairs, occasional crawling, and occasional exposure to vibration. She cannot climb ropes, ladders, or scaffolds. She can understand, remember, and carry out short, simple instructions while performing only routine tasks, not performed in a fast paced production type environment. She can make only simple decisions and is limited to the occasional contact with the general public and co-workers." Dkt 8-3 at 19. Based on this RFC, her age, education, and work experience, the ALJ found Burrell was able to perform other work existing in significant numbers in the national economy prior to July 1, 2013. Beginning on July 1, 2013, Burrell's age category changed, and she became disabled by direct application of Medical-Vocational Rule 202.06.

### C.    The ALJ's Error

In reaching his RFC decision, the ALJ considered some medical opinion evidence. He gave great weight to the State agency medical consultant opinion of Dr. Terry Collier (Ex. 5F, Dkt. 8-8 at 47-54); and some weight to the state agency psychological consultant opinion of Dr. Michele Chappuis (Ex. 7F, Dkt. 8-8 at 69-

72). Dkt. 8-3 at 21. The ALJ also evaluated the medical source statement of Burrell's treating physician, Dr. Lee, and explained that it was unpersuasive and entitled to little weight because it was inconsistent with his own records and Burrell's activities of daily living. Dkt. 8-3 at 21. However, despite the AC's explicit concern about discrepancies in the record, and its instruction that the ALJ "evaluate all of the evidence for the entire period under consideration," the ALJ did not evaluate the medical consultant opinions underlying the state agency's decision finding Burrell disabled as of February 15, 2011.

The Commissioner argues that the ALJ committed no error because he noted "The claimant filed a subsequent application for benefits on April 22, 2011 and in that claim, on September 16, 2011, the State agency medical consultants determined she was disabled effective February 15, 2011, one day after the undersigned's decision." Dkt. 8-3 at 10. However, the ALJ did not discuss or mark as exhibits the medical agency consultant opinions on which the February 15, 2011 disability finding was based. This was error because the ALJ did not conduct the analysis required under 20 C.F.R. § 404.1527 and SSR 96-6p, and as instructed by the AC.

The court cannot conclude that the ALJ's error was harmless. The ALJ gave great weight to the opinion of one state agency consultant. Perhaps the excluded consultant opinions are also entitled to great weight; the court cannot say. Any

5

decision regarding what an ALJ would conclude after analyzing all the relevant evidence would be speculative. *See Moore v. Sullivan*, 895 F.2d 1065, 1070 (5th Cir. 1990).

## Conclusion

For the reasons discussed above, the court recommends that plaintiff's motion for summary judgment (Dkt. 11) be granted, the Commissioner's motion for summary judgment (Dkt. 13) be denied, and this case be remanded to the Agency for further proceedings.

Signed at Houston, Texas on March 24, 2016.

_____
Stephen Wm. Smith
United States Magistrate Judge